MaddeN, Judge,
delivered the opinion of the court:
The plaintiff’s petition alleges that it is one of the several clans or groups in the Yakutat geographical community of Tlingit Indians of Southeastern Alaska. It says that the Government in 1952 sold timber from a tract of approximately 1,400 acres within the Tongass National Forest; that it received $10,004.27 from the sales, and now holds that money in a special account provided for in section 3 (a) of the Joint Eesolution of August 8, 1947, 61 Stat. 921. The *373 plaintiff says that the land from which the timber was sold is part of an area which the plaintiff’s members and their ancestors have, as a clan or group, continually from time immemorial, used, occupied and claimed in their accustomed Indian mamier; that at no time has the Government acquired or otherwise extinguished the plaintiff’s original Indian title or Indian right of occupancy or other rights, if any, to or in the said tract; that plaintiff’s right to the timber sold was therefore complete and exclusive. The plaintiff sues for the $10,004.27.
The Government, in support of its motion for a summary judgment, says that the decisions of this court and the Supreme Court in the Tee-hit-ton case, 128 C. Cls. 82, affirmed 348 U. S. 272, are controlling and show that the plaintiff has no right to the money claimed. In that case the Tee-hit-ton clan, another unit of the Tlingit Indians, sued for just compensation for the taking of its timber in the Tongass National Forest, the asserted taking by the Government having been a sale of the standing timber to third persons. We will not repeat here the discussion which the opinions of this court and the Supreme Court contained. The Supreme Court said at page 285:
* * * Indian occupation of land without government recognition of ownership creates no rights against taking or extinction by the United States protected by the Fifth Amendment or any other principle of law.
The plaintiff concedes that under this decision the Government has the legal right, at any time, to oust Indians situated as were the Tee-hit-tons and as is the plaintiff, from the land which they occupy. But the plaintiff urges that while it occupies the land, the Government may not, with impunity, cut timber from the land, or confer upon anyone else the right to cut timber.
It is true, of course, that one in possession without any right to possession may have a right to sue a third person for disturbing that possession, and in the case of land, for taking something from the land. But he has no right to sue the owner of the land for doing these things. The broad language of the Supreme Court in the Tee-hit-ton case seems to us to say that all rights of ownership in such cases are in *374 the United States. It could not then be a trespasser, or in any sense a wrong-doer, in taking timber or causing someone else to take timber from its own land.
The plaintiff urges that the Joint Resolution cited above confers some rights upon it. We discussed that legislation in the Tee-hit-ton opinion. It is perfectly neutral and expressly ref rams from either recognizing or denying the validity of any claims to possessory rights. It provides only for the holding of the proceeds of timber sales in a special account “until the rights to the land and timber are finally determined.”
The defendant’s motion for a summary judgment is granted, and the plaintiff’s similar motion is denied. The plaintiff’s petition will be dismissed.
It is so ordered.
Labamoke, Judge; WhitakeR, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.